# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:13-cr-00417-KJD-GWF |
| vs. ) | **FINDINGS & RECOMMENDATIONS** |
| ALI ALMEDA, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Ali Almeda's Motion to Suppress Evidence and Request for Hearing Pursuant to *Franks v. Delaware* (ECF No. 75), filed on April 10, 2016. The Government filed its Opposition (ECF No. 77) on April 25, 2016. The Court conducted a hearing on July 5, 2016 to allow Defendant the opportunity to argue why a *Franks* evidentiary hearing should be granted. (ECF No. 86).

## BACKGROUND

The indictment in this case charges Defendant with conspiracy to manufacture a controlled substance, marijuana plants, in violation of 21 U.S.C. § 841(a)(1), b(1)(A)(vii), and 846; the manufacture of a controlled substance, marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and b(1)(A)(vii); and maintaining drug involved premises in violation of 21 U.S.C. §856(a)(1). (ECF No. 1).

Defendant moves to suppress evidence seized during the execution of a search warrant issued by Nevada state court Judge Kephart on March 25, 2013. *See Motion to Suppress (ECF No. 75), Exhibit B*. Defendant argues that the affidavit for the search warrant submitted by Detective Murray of the Las Vegas Metropolitan Police Department ("LVMPD") omitted material facts and contained intentional misrepresentations and, therefore, violated the Fourth Amendment. Defendant

requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978). The Government argues that Defendant failed to identify any false statements in the affidavit and that the affidavit's failure to provide plausible exculpatory explanations for Detective Murray's factual statements does not negate a finding of probable cause or require an evidentiary hearing.

The affidavit requested a warrant to search a residence located at 8877 Waltzing Waters Court, Las Vegas, Nevada to seize marijuana, paraphernalia associated with an indoor marijuana grow operation, and other items associated with illegal drug trafficking. *Motion to Suppress (ECF No. 75), Exhibit A, Affidavit, pgs. 6-7*. Detective Murray set forth his experience in investigating indoor marijuana grow operations, his current assignment to the Southern Nevada Cannabis Operations and Regional Enforcement Task Force, and his training in indoor marijuana cultivation. *Id.* at pg.7-8. Based on his training and experience, Detective Murray described the common conditions and tools used in indoor marijuana grow operations. *Id.* at pg. 9, 12-16.

The affidavit stated that on February 6, 2013, LVMPD's narcotics bureau received information from an anonymous source that an Hispanic male adult named Ollie Almanda (27 years of age, 5'09", 200-220 . . .) was growing and selling marijuana at the subject residence. *Id.* at pg. 8. The anonymous source further stated that the suspect drove a white Range Rover as well as a gray Mercedes Benz. *Id.* After receiving this information, Detective Murray began an investigation during which he was able to identify the suspect by his actual name, Ali Almeda. *Id.* On February 7, 2013, Detective Murray served a subpoena on NV Energy to obtain power consumption records for 8877 Waltzing Waters Court and three other residences in the vicinity with equal or slighter greater square footage for purposes of performing a comparison of power consumption. *Id.* at pg. 9. Detective Murray's affidavit set forth the power consumption records in kilowatt hours on a monthly basis of the four addresses for a six month period.[1] *Id.* NV Energy also provided information showing that the subscriber for electricity service at the suspect

---

[1] The Government acknowledged at the hearing that the recorded power consumption for the suspect residence and two other residences were not materially different. The Government also agreed with Defendant that the power consumption for the fourth residence was so low as to indicate that it was probably uninhabited.

residence was Defendant Ali Almeda. *Id.* at pg. 10.

A criminal history check revealed that Defendant had prior arrests for weapons and narcotics-related offenses and had been convicted of possession of a controlled substance and burglary in California. *Id.* at 10. During a traffic stop in Las Vegas, Nevada on March 8, 2013, Defendant was arrested for possession of a controlled substance, marijuana, and possession of a firearm. *Id.* On March 13, 2013, Defendant was again arrested, during a traffic stop in Las Vegas, Nevada, on two counts of possession of a controlled substance, marijuana. *Id.*

On March 20, 2013, Detectives Murray and Bachman conducted surveillance at 8877 Waltzing Waters Court. *Id.* They heard fans continuously running in the garage area for approximately 45 to 60 minutes and "smelled a strong odor of an unknown type of masking agent emanating from the front of the residence." *Id.* The detectives observed "several trash bags on [the] west side of the residence behind the gate despite the fact that the neighbors had their trash at the curb for pick up the following day." *Id.* at 11. On March 21, 2013, Detectives Murray and Bachman again conducted surveillance at the address and heard fans continuously running in the garage area for approximately 45 to 60 minutes. *Id.* at 12. The detectives again smelled a strong odor of an unknown masking agent. *Id.*

On March 22, 2013, Detective Murray contacted NV Energy to determine whether an electrical by-pass was being used at 8877 Waltzing Waters Court. *Id.* NV Energy conducted an investigation and confirmed the use of an electrical by-pass at the address. *Id.* Detective Murray stated that based on his experience and training, he has observed that marijuana grow operations use high amounts of electrical power and that individuals will bypass utility meters to prevent high amounts of electrical usage from registering with the utility company. *Id.* at 9. Judge Kephart found that there was probable cause for the issuance of the search warrant for the premises at 8877 Waltzing Waters Court. *See Motion to Suppress (ECF No. 75), Exhibit B, pg. 20.*

## DISCUSSION

In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that the Fourth Amendment entitles a defendant to challenge the validity of a search warrant affidavit if the defendant makes a substantial preliminary showing that (1) the affidavit

contains intentionally or recklessly false statements and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause. *See also United States v. Martinez-Garcia*, 397 F.3d 1205, 1215 (9th Cir. 2005), *citing United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). In making the initial determination whether an evidentiary hearing should be granted, *Franks* states:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

438 U.S. at 171.

The Ninth Circuit has articulated five requirements that a defendant must satisfy to justify a *Franks* evidentiary hearing: (1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause. *United States v. Dicesare*, 765 F.2d 890, 894-95 (9th Cir. 1985).

*Franks* states that if the defendant makes a substantial showing that the affidavit contains intentionally or recklessly false statements, "and if, when the material that is the subject of the alleged falsity is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id.,* at 171-172. On the other hand, if the remaining content is insufficient to support probable cause, then the defendant is entitled to an evidentiary hearing. *Id.*

Intentional or reckless omissions may also provide grounds for a *Franks* hearing. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007) states in this regard as follows:

> "A search warrant, to be valid, must be supported by an affidavit

4

establishing probable cause." *United States v. Stanert,* 762 F.2d 775, 778 (9th Cir.1985). In *Stanert,* we applied the rationale of *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to hold that a defendant could challenge a facially valid affidavit by making a substantial preliminary showing that "the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Stanert,* 762 F.2d at 781 ("By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.") In addition, the defendant must show that the "affidavit, once corrected and supplemented," would not "provide ... a substantial basis for concluding that probable cause existed" to search defendant's residence. *Id.* at 782.

Clear proof of deliberate or reckless omissions is not required to obtain an evidentiary hearing. *United States v. Stanert*, 762 F.2d at 781. The "omission rule," however, does not require that the affiant address every possible theory, no matter how unlikely, that would controvert the affiant's good-faith belief that probable cause exists for the search. *United States v. Craighead*, 539 F.3d 1073, 1081 (9th Cir. 2008). *See also United States v. Kelly*, 482 F.3d 1047, 1053 (9th Cir. 2007) (the affidavit's failure to raise the possibility that emails containing child pornography could have been unsolicited spam was not a misleading omission).

As *Franks* states, in analyzing whether an evidentiary hearing should be granted, the court must also determine whether probable cause would still have existed without the the presence of allegedly false statements, or with the presence of the omitted factual information. 438 U.S. at 171-72. Probable cause is a fluid concept which turns on the assessment of probabilities in particular factual contexts, not readily or even usefully reduced to a neat set of legal rules. *United States v. Adjani*, 452 F.3d 1140, 1145 (9th Cir. 2006), citing *Illinois v. Gates*, 462 U.S. 213, 231, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) states that "probable cause means 'fair probability,' not certainty or even a preponderance of the evidence. . . . In short, a magistrate judge is only required to answer the 'commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place' before issuing a search warrant." *Id.* at 1160. Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences. *Id.* at 1069. The court is entitled to rely on the training and experience of law enforcement officers when

determining whether probable cause exists. *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995); *United States v. Arrellano-Rios*, 799 F.2d 520, 523 (9th Cir. 1986); *United States v. Fouche*, 776 F.2d 1398, 1403 (9th Cir. 1985). A judge is also entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense. *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). *See also United States v. Henson*, 123 F.3d 1226, 1238-39 (9th Cir. 1997). The issuing judge's determination of probable cause should be paid great deference. *Id.* at 1160. In *United States v. Leon*, 468 U.S. 897, 922-25 (1984), the Supreme Court further held that evidence obtained pursuant to a search warrant later found to be invalid is nevertheless still admissible if the executing officers acted in good faith. Good faith is defined as an objectively reasonable basis to believe that the warrant is valid. *Id.* at 924. Good faith reliance does not exist if the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923.

      Defendant argues that Detective Murray deliberately misled Judge Kephart by predicating the assertion of probable cause on the energy consumption records, the odor of an unknown masking agent, and the presence of full trash bags inside the residence's fence rather than set out on the street where trash was to be picked up. *Motion to Suppress (ECF No. 75), pg. 3.* The Government argues, however, that Defendant fails to satisfy the requirements for a *Franks* hearing because he did not identify any false statements in the affidavit and because Defendant also failed to submit an offer of proof. *Opposition to Motion to Suppress (ECF No. 77), pg. 2-8*. Defendant states that he did not present an offer of proof or affidavits because his motion pertained solely to the inadequacy of Detective Murray's affidavit without need for any external facts to be presented. *Motion to Suppress (ECF No. 75), pg. 3, fn 1.*

      The Court finds that Defendant has not met the preliminary threshold to justify a *Franks* evidentiary hearing. Defendant's allegations are conclusory and are not supported by the affidavit itself. Defendant argues that the information in the affidavit regarding the energy consumption records for 8877 Waltzing Waters Court and adjacent residences was misleading because it failed to show a material disparity between the power usage at the suspect residence and that of two of the other residences. *Motion to Suppress (ECF No. 75), pg. 3.* Detective Murray did not assert,

1  however, that the power consumption records indicated unusually high power consumption at the
2  suspect residence. Rather, after setting forth the power consumption records for the residences, he
3  stated:

> Your affiant along with other fellow narcotics investigators believe the electrical usage at 8877 Waltzing Waters Court could possibly reflect an electrical by-pass . . . installed by individuals currently residing at the residence to thwart law enforcement efforts to locate an indoor marijuana grow operation at the premise.

*Motion to Suppress (ECF No. 75), Exhibit A, Affidavit, pg 9.*

Detective Murray also discussed the high usage of electrical power commonly associated with marijuana grow operations, including high intensity discharge lights, ballasts, blowers to ventilate grow rooms, water pumps, fans and air conditioning units. *Id.* He also stated that on March 22, 2013, a NV Energy representative went to the residence "and through their investigative methods and techniques they confirmed that there was a theft of power occurring through the use of an electrical by-pass." *Id.* at pg. 12.

Defendant argues that the affidavit was misleading because it failed to state that the trash bags inside the fence at the residence could have simply contained ordinary plant waste from landscape maintenance. An affidavit need not present every possible theory that would controvert a probable cause finding. *See Craighead*, 539 F.3d at 1081. Judge Kephart was certainly capable of recognizing, without needing to be informed by Detective Murray, that there could be innocent explanations for the presence of full trash bags inside the fenced area of the suspect residence. The facts pertaining to the trash was one factor, together with others, that indicated the possible presence of a marijuana grow operation.

Defendant also argues that Detective Murray's description of the strong odor of an unknown masking agent on two different surveillance visits was misleading because it merely indicated that Detective Murray did not smell marijuana at the residence. *Motion to Suppress (ECF No. 75), pg. 3.* Detective Murray, however, described his experience in observing various types of masking agents used in illegal marijuana grow operations. *Id.* at Exhibit A, pg. 10. Based on that experience, the presence of a masking agent was another factor supporting a finding of probable cause. While there also could have been innocent explanations for the odor, this did not eliminate

it as an indicator of possible illegal activity. Detective Murray's statements regarding the presence of the masking agent were also not misleading.

Defendant has not shown that any factual statement in the affidavit was false. Nor has he shown that any material facts were omitted. While Detective Murray could have pointed out possible innocent alternatives for some of the factual circumstances, the absence of such explanations was not misleading and does not negate a finding of probable cause. The existence of probable cause was supported by the combination of factual circumstances set forth in the affidavit which included the anonymous tip that Defendant was operating a marijuana grow operation at the residence, Defendant's criminal history, including recent arrests for possession of marijuana, the observation of fans running in the residence's garage, the presence of an odor masking agent, the use of an electrical by-pass, and the fact that the residence's garbage was not placed on the street for collection. Even if the Court concluded that these facts do not to support a finding of probable cause, the officers had an objectively reasonable basis to rely on the validity of the search warrant.

## CONCLUSION

Defendant has failed to make a preliminary threshold showing to support a *Franks* evidentiary hearing. The affidavit provided probable cause for the issuance of the search warrant. Alternatively, even if the affidavit failed to provide probable cause, it contained sufficient information to support a colorable argument for probable cause such that there was an objectively reasonable basis for the officers to rely on the validity of the search warrant. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Suppress Evidence and Request for Hearing Pursuant to *Franks v. Delaware* (ECF No. 75) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 13th day of July, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge